IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**HENRY A. HARMON**                                                                                          **PLAINTIFF**
**ADC #103609**

V.                            NO. 4:22-cv-00716-BRW-ERE

**CLAUDIA M. HARRIS,** *et al.*                                                                       **DEFENDANTS**

### RECOMMENDED DISPOSITION

This Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file objections if you disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and include the factual or legal basis for the objection.

Objections must be filed within 14 days. If you do not object, you risk waiving the right to appeal questions of fact. If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record.

**I.     Introduction**

Plaintiff Henry Harmon, an Arkansas Division of Correction inmate, filed this 42 U.S.C. § 1983 action against Deputy Warden Claudia M. Harris, Classification Review Officer Dock C. King, Director Dexter Payne, Secretary Soloman Graves,

1

Warden Jared Byers, and Sergeant Regena W. Stewart[1] alleging that they were deliberately indifferent in their response to Covid-19, housed him with inmates who were positive for Covid-19, and provided him constitutionally inadequate medical care after he contracted Covid-19. He seeks monetary and injunctive relief.

Defendants have filed a motion to dismiss and brief in support. *Docs. 17-18.* Mr. Harmon has filed a response. *Doc. 27.* The motion is now ripe for review.

For the reasons explained below, the Court recommends granting Defendants' motion to dismiss. *Doc. 17.*

## II.  Plaintiff's Allegations[2]

Mr. Harmon alleges that Defendants are liable for "their deliberate indifference in failing to protect [him] from harm caused by the spread of Covid-19" and for housing with inmates who had tested positive for Covid-19. *Doc. 2 at 4.* Mr. Harmon asserts that: (1) he was housed with "asymptomatic carriers of Covid-19 [and] with several who refused vaccines . . . ." *Id. at 11*; (2) he contracted Covid-19 and "suffer[ed] tremendous pain physically and emotional mental anguish . . . wondering [if] he would pull through this deadly disease . . . ." *Id. at 10*; (3) he never

---

[1] The Court previously dismissed Mr. Harmon's claims against Defendant Rodney X. Ford based on his failure to timely serve Mr. Ford. *Docs. 30, 31.*

[2] Mr. Harmon's complaint also asserted due process violation claims related to a disciplinary, classification change, and a change in his job status. However, the Court previously dismissed those claims. *Docs. 5, 7.*

received immunotherapy or breathing treatments after he contracted Covid-19. *Id.*; (4) Defendants "have continued to disregard the known substantial risk to inmates' health and safety" based on "their deficient Covid-19 preparations, preparedness, and response." *Id. at 12*; and (5) Defendants failed to ensure all infected areas were properly cleaned, did not provide sufficient personal protection equipment, and failed to test potentially infected inmates without being asked. *Id. at 14-15.*

Some of Mr. Harmon's allegations appear to be asserted on behalf of other inmates. The Court will ignore those allegations, since Mr. Harmon can proceed only on alleged constitutional violations he personally experienced. See *Martin v. Sargent,* 780 F.3d 1334, 1337 (8th Cir. 1985) ("A prisoner cannot bring claims on behalf of other prisoners."); 28 U.S.C. § 1654 (parties must "plead and conduct their own cases personally or by counsel").

Thus, Mr. Harmon's actionable claims fall into two broad categories of Eighth Amendment claims: (1) Defendants were deliberately indifferent in failing to protect him from contracting Covid-19; and (2) once he contracted Covid-19, Defendants provided constitutionally inadequate access to or treatment for the disease.

### III.  Legal Standard for Fed. R. Civ. P. 12(b)(6) Dismissal

To survive a motion to dismiss, a complaint must allege sufficient facts such that, when accepted as true, a facially plausible claim to relief is stated. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a complaint fails to state a claim on which relief can be granted, dismissal is warranted. FED. R. CIV. P. 12(b)(6). When determining whether a complaint states a facially plausible claim, a district court accepts the factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, In*c., 601 F.3d 852, 853 (8th Cir. 2010). Factual allegations must "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Mere "labels and conclusions" are insufficient, as is a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Legal conclusions couched as factual allegations may be disregarded. See *Iqbal*, 556 U.S. at 679.

### IV.  Discussion

#### A.  Mr. Harmon's Official Capacity Claims Should Be Dismissed

##### 1.  Mr. Harmon Has Failed to State a Plausible Claim for Injunctive Relief

Mr. Harmon's claim for "injunctive relief" is arguably too vague to even be considered. Throughout his complaint, he says that he wants "injunctive relief" but at no point does he specify the relief he wants. To the extent that he is seeking

different Covid-19 policies or to not be housed with Covid-19 positive inmates, he alleges no facts to support such relief.

Additionally, during the events in question, Mr. Harmon was housed at the ADC's Maximum Security Unit. *Doc. 2*. He is now housed at the ADC's Barbara Ester Unit. *Doc. 22*. Thus, any request for injunctive relief regarding a facility where he is no longer housed is moot. *Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2012) (per curiam) (recognizing that because the plaintiff "is no longer subject to the policies that he challenges, there is no live case or controversy"); *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999) (noting a previous holding "that an inmate's claims for declaratory and injunctive relief to improve prison conditions were moot when he was transferred to another facility and was no longer subject to those conditions").

For both of these reasons, Mr. Harmon has failed to state a plausible claim for injunctive relief.

### 2. Sovereign Immunity Bars Any Official Capacity Claims for Money Damages

A civil litigant cannot recover money damages from state actors sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Accordingly, Mr. Harmon's claims for money damages from Defendants in their official capacities are barred by sovereign immunity.

### C.  Mr. Harmon's Individual Capacity Claims Should Be Dismissed

#### 1.  Defendants Payne and Solomon

Mr. Harmon's complaint fails to include any allegations as to how Mr. Payne or Mr. Solomon were personally involved in violating his constitutional rights. Instead, Mr. Harmon alleges that Mr. Payne, in his position as ADC director, was "responsible for supervising the administration," training and developing staff, and had "the power to correct any illegal wrongs done to people," including releasing inmates at risk due to the pandemic. *Doc. 2 at 22-23*. He alleges that Mr. Graves, as the ADC's secretary, was the "executive head" and "commanding officer" of all ADC employees. *Id. at 22*.

Mr. Harmon's broad, conclusory allegations are insufficient to state a plausible claim for relief against either Mr. Payne or Mr. Solomon. *Iqbal*, 556 U.S. at 676 (explaining that, because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Saylor v. Nebraska,* 812 F.3.3d 637, 644-45 (8th Cir. 2016) (because a supervisor cannot be held vicariously liable for the constitutional violations of a subordinate, prisoner must "show that the supervisor personally participated in or had direct responsibility for the alleged violations" or "that the supervisor actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts").

Accordingly, Mr. Harmon's claims against Defendants Payne and Solomon should be dismissed.

### 2.     **Defendant Stewart**

Mr. Harmon's only allegation against Ms. Stewart is that she failed to follow policies and procedures related to Covid-19 or to report policy violations to her superiors. *Doc. 2 at 25*. It is well settled that prisoners do not have a constitutional right to enforce compliance with internal prison rules or regulations. See *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) ("there is no federal constitutional liberty interest in having ... prison officials follow prison regulations"); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) ("there is no § 1983 liability for violating prison policy"). Accordingly, Mr. Harmon's allegations that Ms. Stewart failed to follow policies and procedures or report that others were not following policies and procedures fail to state a plausible constitutional claim.

Mr. Harmon's claims against Defendant Stewart should be dismissed.

### 3.     **Defendants Byers, King, and Harris**

Mr. Harmon's only specific factual allegations against Mr. Byers, Mr. King, and Ms. Harris are that they housed him with Covid-19 infected inmates, asymptomatic inmates, and inmates who refused to be vaccinated. *Doc. 2 at 11*.

### a.     Medical Deliberate Indifference Claim

Mr. Harmon's complaint contains no allegations that any of the three remaining Defendants were personally involved in providing Mr. Harmon with medical care once he contracted Covid-19. Instead, he complains about "medical personnel" generally. *Doc. 2 at 22-23*. However, none of the named defendants are "medical personnel."[3] *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights.") (internal quotation marks and citation omitted).

---

[3] Even if Mr. Harmon had named as Defendants the healthcare personnel who allegedly failed to provide him with constitutionally adequate medical care, the law is well established that disagreement with treatment decisions cannot support a deliberate indifference claim. *Barr v. Pearson*, 909 F.3d 919, 921-22 (8th Cir. 2018).

Mr. Harmon argues that he should have been placed in the infirmary and under constant supervision, rather than in an isolation cell. *Doc. 2 at 22*. He also complains that he was subjected to "poor ventilation, no breathing treatments, and no medications specifically to combat Covid-19." *Id. at 21*. Finally, he contends that he "never received medication to strengthen his immune system" or "immunotherapy to fight th[e] deadly disease." *Id. at 10*. Notably, Mr. Harmon's oxygen levels were always normal, and he suffered only an elevated temperature after he first contracted Covid-19. *Id. at 30*. Mr. Harmon's conclusory statements that "medical personnel" should have done more in response to him testing positive for Covid-19 are insufficient to support a medical deliberate indifference claim. Accordingly, it would be futile to allow Mr. Harmon to amend his complaint to name as Defendants those healthcare personnel who made Covid-19 related healthcare decisions for Mr. Harmon.

Mr. Harmon has failed to state a plausible constitutional claim for medical deliberate indifference against Mr. Byers, Mr. King, or Ms. Harris.

### b. Deliberate Indifference to Safety Claim

Mr. Byers, Mr. King, and Ms. Harris assert qualified immunity with respect to Mr. Harmon's remaining individual capacity, deliberate indifference claim. Qualified immunity protects government officials from liability for damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person [in their positions] would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To overcome the assertion of qualified immunity, a plaintiff must show: "(1) the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) the right was clearly established at the time of the deprivation." *Howard v. Kansas City Police Dep't*, 570 F.3d 984, 988 (8th Cir. 2009).[4]

Here, Mr. Harmon cannot establish qualified immunity's clearly established prong.[5] Specifically, Mr. Harmon's allegations that Mr. Byers, Mr. King, and Ms. Harris knowingly placed him in a barracks with other Covid-19 positive or

---

[4] Courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

[5] The Court assumes but does not decide whether Mr. Harmon's allegations are sufficient to show that his constitutional rights were violated.

9

unvaccinated inmates does not show a violation of a clearly established constitutional right.[6] Courts repeatedly have held that, at or near the time of the alleged violation, there was no clearly established constitutional right to be housed in a Covid-free environment. *Tate v. Arkansas Dep't of Corr.*, No. 4:20-CV-558-BSM-BD, 2020 WL 7378805, at *11 (E.D. Ark. Nov. 9, 2020) ("The issues and challenges posed by COVID-19 are unlike any other in the modern era. COVID-19 is, by definition, a 'novel' coronavirus. Accordingly, the Court cannot conclude that reasonable officials would have known that the response to COVID-19 of officials at Cummins violated Plaintiffs' clearly established constitutional rights."); *Wright v. Gibson*, No. 4:21-cv-00280-KGB-PSH, 2022 WL 4717982, at *5 (E.D. Ark. May 2, 2022) (holding that "[e]ven if the ADC's response to the COVID-19 pandemic were found to be inadequate and a constitutional violation, the Defendants are entitled to qualified immunity because their actions in implementing that response did not violate clearly established federal law."); *Jones v. Lay*, No. 4:20-CV-01325-BRW-BD, 2021 WL 687342, at *3 (E.D. Ark. Jan. 25, 2021) ("At the time of the events giving rise to this lawsuit, reasonable correction officers would not have known that

---

[6] The Court notes that District Judge Kristine G. Baker, of the Eastern District of Arkansas, conducted a thorough analysis of the ADC's response to Covid-19. Ultimately, in denying preliminary injunctive relief, she found that the inmates were unlikely to be successful on their constitutional claims. *Frazier v. Kelley*, 460 F. Supp. 3d 799, 811 (E.D. Ark. 2020).

allowing Mr. Jones to remain in the barracks for six days after his negative [Covid-19] test results was a violation of clearly established law."); *Neal v. Arkansas*, No. 3:20-CV-00200-JJV, 2021 WL 2336954, at *5 (E.D. Ark. June 8, 2021) ("Under the circumstances, considering the newness of the virus and developing knowledge about Covid-19 and how it is spread, Defendants cannot be held liable for acting in this gray area.").

The allegations in Mr. Harmon's complaint suffer the same fate. Because inmates had no clearly established constitutional right to be housed with only Covid-free and Covid-vaccinated inmates, Defendants are entitled to qualified immunity on Mr. Harmon's deliberate indifference claim.

## V.    Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion to dismiss *(Doc. 17)* be GRANTED, and Mr. Harmon's remaining claims be dismissed without prejudice.

2. An *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

3. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

4. The Clerk of the Court be instructed to close this case.

11

Dated this 10th day of January, 2023.

_____
UNITED STATES MAGISTRATE JUDGE